UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Frederick Daniels,<br><br>   Plaintiff,<br><br>   v.<br><br>James Dzurenda, *et al.*,<br><br>   Defendants. | Case No. 2:24-cv-02217-RFB-EJY<br><br>**ORDER** |

On November 27, 2024, Plaintiff submitted two Civil Rights Complaints under 42 U.S.C. § 1983. ECF Nos. 1-1, 1-2. The Court declines to consider Plaintiff's Complaint because Plaintiff signed only the first Complaint, but not the second Complaint. The second Complaint is more robust—containing additional claims, facts, and defendants—and would be considered an amended complaint that replaces the original Complaint if it were signed. *See* Fed. R. Civ. P. 11(a) (providing a complaint submitted by a pro se litigant must be signed personally by the unrepresented party).

On December 5, 2024, Plaintiff submitted a notice that his name is wrong on the docket together with an incomplete application to proceed *in forma pauperis* ("IFP"). ECF No. 3. Plaintiff's name was corrected on the docket; however, his IFP application is incomplete because the Acknowledgment and Financial Certificate are signed by neither Plaintiff nor a prison official. Plaintiff also failed to submit his inmate trust fund account statement for the previous six-month period. As such, Plaintiff's IFP application is denied without prejudice. Because the IFP application is denied as incomplete, Plaintiff's case may not proceed.

If Plaintiff wants to proceed with this action, he must file an amended complaint that he signs. Plaintiff is advised that an amended complaint replaces the original complaint; thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). This means the amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this action. The submission of a signature page alone will not suffice. Plaintiff must file the amended complaint on this Court's approved prisoner civil rights form, and must be entitled "Amended Complaint."

If Plaintiff seeks to proceed without prepaying the filing fee he may do so under 28 U.S.C. § 1915(a) and Local Rule LSR 1-2.  To apply for *in forma* pauperis status Plaintiff must submit **three** required documents to the Court.  These include: (1) a completed **Application to Proceed in Forma Pauperis for Inmate**, on this Court's approved form (*i.e.* pages 1 through 3 with the inmate's two signatures on page 3), (2) a **Financial Certificate** properly signed by both the inmate and a prison or jail official (*i.e.* page 4 of this Court's approved form), and (3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 3) is DENIED.

IT IS FURTHER ORDERED that the Court will not consider Plaintiff's unsigned complaint (ECF No. 1-1).  If Plaintiff choses to file an amended complaint, the document must be titled "Amended Complaint."  The amended complaint must contain a short and plain statement describing the underlying case showing that Plaintiff is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules of Civil Procedure adopts a flexible pleading standard, Plaintiff still must give Defendant fair notice of his claims.

Plaintiff is advised that if he files an amended complaint, the original Complaint (ECF No. 1-1) no longer serves any function in this case.  As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents.  The Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

IT IS FURTHER ORDERED that on or before **February 12, 2025**, Plaintiff must file a single, complete amended complaint with the Court that is personally signed by him.

IT IS FURTHER ORDERED that on or before **February 12, 2025**, Plaintiff must either pay the $405 filing fee for a civil action or file with the Court: (1) a complete **Application to Proceed in Forma Pauperis for Inmate** on the Court's approved form; (2) a **Financial Certificate** properly signed by both the inmate and a prison or jail official; and (3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**.

IT IS FURTHER ORDERED that the Clerk of the Court must send Plaintiff (1) the approved form application to proceed *in forma pauperis* for an inmate along with the information and

instructions for filing the same, (2) the approved form for filing a 42 U.S.C. § 1983 complaint along with the information and instructions for filing the same, and (3) a copy of his initiating documents (ECF Nos. 1-1, 1-2).

IT IS FURTHER ORDERED that failure to file a single signed amended complaint and either pay the $405 filing fee or file a complete application to proceed *in forma pauperis* on or before **February 12, 2025**, will result in a recommendation to dismiss this action **without prejudice**. A dismissal without prejudice allows Plaintiff to file his case with the Court, under a new case number, when he is able to comply with LSR 2-1 and file a complete application to proceed *in forma pauperis* or pay the required filing fee.

Dated this 13th day of January, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE